IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MANUEL RODRIGUEZ,**

      Movant,

vs.                                              **CIVIL NO. 03-1436 MCA/DJS**
                                              Criminal No. 02-1664 MCA

**UNITED STATES OF AMERICA,**

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

      1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Federal Correctional Institution at Three Rivers, Texas. There he is serving a sentence of fifty-seven (57) months as a result of his conviction, pursuant to a plea of guilty, of the charge of re-entering the United States after having been deported. Movant was apprehended in Dona Ana County, New Mexico, in July, 2002. At the time of his arrest, Movant admitted that he was a citizen of Mexico, that he had been previously deported, and that he had not sought permission to re-enter the United States. Subsequently, Movant pleaded guilty without benefit of a plea agreement to the sole charge contained in the indictment, which was re-entry after

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

deportation after having been convicted of an aggravated felony.

2.  Movant asserts four grounds for relief. First, he seeks to challenge the constitutionality of the statute which he was convicted of violating and the jurisdiction of the court before which he appeared. Second, he asserts that his attorney failed to challenge inaccurate information in the pre-sentence report, resulting in an improper sentence. Third, Petitioner contends that his attorney failed to investigate his case and failed to discuss the case adequately with him in Spanish. Lastly, Petitioner challenges the indictment on the basis that it erroneously charged that he had been convicted of an aggravated felony under the meaning of 18 U.S.C. §1326.

3. Respondent asserts that Movant's claims are procedurally barred because they could have been raised on direct appeal. While it is true that Movant's first and fourth claims for relief could have been raised on direct appeal, his second and third claims for relief are challenges to the performance of counsel and procedural default is not applicable. Ineffective assistance of counsel claims cannot be brought on direct appeal.  See United States v. Galloway, 56 Fd. 3d 1239, 1240 (10th Cir.1995) . Further, Movant contends that the reason he failed to file a direct appeal is that his attorney failed to explain his rights to him.

4. Respondent argues that any failure to advise Movant of his right to appeal cannot constitute cause sufficient to excuse the default, citing Murray v. Carrier, 477 U.S. 478 (1986). Another factor which the Court should consider is the doctrine that this Court may resolve claims on their merits where they would clearly be unsuccessful without resolving the question of procedural bar. See Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir.) (allowing review of claim on merits, in spite of possibility of procedural bar, in interest of judicial economy), cert. denied, 531 U.S. 982 (2000).In the interest of judicial economy, the Court will consider the merits of all of Petitioner's claims.

5. Petitioner's challenge to his indictment on the ground that it erroneously charged that he

had been convicted of an aggravated felony is foreclosed by his guilty plea. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United State v. Broce, 488 U.S. 563, 569 (1989). By pleading guilty, Petitioner admitted that he was guilty of an aggravated felony and he may not now contest that fact, absent a showing that his guilty plea was involuntary. United States v. Flynn, 309 F.3d 736, 739 (10th Cir.2002); United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.1990); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Further, the Supreme Court has squarely held that defects in an indictment are not "jurisdictional". United States v. Cotton, 535 U.S. 625, 629 (2002) ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."). As will be discussed, Movant has not shown that his guilty plea was involuntary and he is therefore not entitled to relief on his claim that he should not have been convicted of reentering the United States after having been convicted of an aggravated felony.

6. Movant's claims that the District Court for the District of New Mexico did not have jurisdiction to convict him and that the statute which he was convicted of violating is unconstitutional are both without merit. Petitioner asserts that he is not a citizen of the United States and that he was not convicted of violating any laws of the United States. Petitioner's contention that his status as a citizen of another country immunizes him from prosecution for violating the laws of the United States while in this country is nonsensical. Further, his contention that the statute under which he was convicted, 18 U.S.C. §1326, is unconstitutional, is also without merit. See United States v. Miranda

Ramirez, 309 F.3d 1255, 1261-62 (10th Cir. 2002) (upholding conviction pursuant to 18 U.S.C. §1326 in face of challenges based upon due process, the ex post facto clause, and entrapment by estoppel); United States v. Wittgenstein, 163 F.3d 1164, 1170 (10th Cir. 1998) (Holding 18 U.S.C. §1326 comports with standards of due process).

7. Movant contends that his attorney failed to adequately represent him. To succeed on his ineffective assistance of counsel claims Movant must meet the two- pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, he must "show that counsel's representation fell below an objective standard reasonableness" Strickland, 466 U.S. at 688. Secondly, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694; See also, Hatch v. Oklahoma, 58 F.2d 1447 (10th Cir. 1995). In the context of a guilty plea, this requires showing that "but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985).

8. The first basis for Movant's ineffective assistance of counsel claims is the assertion that his attorney failed to challenge inaccurate information in the pre-sentence report, resulting in a sentence which was eighteen to twenty-four months longer than he should have received. Movant pleaded guilty to an indictment charging him with illegal re-entry after deportation subsequent to an aggravated felony pursuant to 18 U.S.C. §1326(b)(2). United States v. Manuel Rodriguez, 02-Cr-1664 MCA, Minute Sheet, Change of Plea Hearing held October 22, 2002 (Docket No. 13). Upon receipt of his pre-sentence report, Movant filed a *pro se* motion to withdraw his guilty plea. United States v. Manuel Rodriguez, 02-Cr-1664 MCA, Letter to the Hon. M. Christina Armijo filed January 13, 2003 (Docket No. 15); United States v. Manuel Rodriguez, 02-Cr-1664 MCA, *pro se* Motion

to Withdraw Plea filed January 22, 2003 (Docket No. 19). Movant was appointed new counsel and, at a second hearing on his motion to withdraw his guilty plea to the indictment, withdrew that motion. United States v. Manuel Rodriguez, 02-Cr-1664 MCA, Minute Sheet, Motion Hearing held February 18, 2003 (Docket No. 25). Movant was then sentenced. United States v. Manuel Rodriguez, 02-Cr-1664 MCA, Minute Sheet, Sentencing Hearing held February 18, 2003 (Docket No. 26).

9. Given this procedural history, Movant cannot show that his attorney was ineffective for failing to object to the pre-sentence report. Movant was aware of the contents of the report, as shown by his *pro se* communication with the Court and his motion to withdraw his guilty plea. Further, those documents demonstrate that Movant disagreed with the recommendations and characterizations of his history within the report. Nonetheless, he withdrew his motion to withdraw his plea in open court. Movant does not describe how a challenge by counsel to the report would have affected his decision, nor can he demonstrate that such a failure would have changed his decision to plead guilty given the fact that he abandoned his challenges to the report after raising them himself and being provided with new counsel to advise him.

10. Movant also contends that his attorney was ineffective for failing to investigate his case and for failing to discuss the case with him in Spanish. Plaintiff does not elaborate on this claim. "It is well-established that a defendant's statements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.1995) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Further, conclusory statements alleging a constitutional violation are insufficient to state a successful claim pursuant to §2255. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994) (concluding that "[a]lthough we must liberally construe Defendant's *pro se*

5

petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). The conclusory and unspecific allegations that Movant's counsel failed to investigate his case and failed to adequately discuss the prosecution with him in Spanish are insufficient to satisfy the prejudice prong of Strickland particularly where, as here, he was afforded an interpreter at his change of plea hearing and had his rights explained to him by the Court at that hearing. See Stafford v. Saffle, 34 F.3d 1557, 1564-65 (10th Cir.1994). As noted previously, when provided with an opportunity to convince the Court to allow him to withdraw his guilty plea and new counsel to advise him, Movant nonetheless chose to proceed to sentencing. He fails to demonstrate how counsel's alleged failures rendered that decision involuntary.

**RECOMMENDED DISPOSITION:**

That the instant §2255 motion be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**